STATE OF NEW JERSEY IN THE INTEREST OF A. A.

———

STATE OF NEW JERSEY IN THE INTEREST OF R. A.

Juvenile and Domestic Relations Court
Union County

Decided June 28, 1968.

Mr. *Howard Schwartz* for petitioners (*Mr. Francis J. Simone*, assigned attorney for A. A.; *Mr. Schwartz*, assigned attorney for R. A.)

Mr. *Dominick A. Mirabelli*, County Attorney, for the County of Union.

Mr. *Richard A. Mink*, Assistant Prosecutor, for the State (*Mr. Leo Kaplowitz*, Union County Prosecutor, attorney).

KENTZ, J. J. & D. R. C. Francis J. Simone and Howard Schwartz, attorneys at law of the State of New Jersey, were assigned by this court to represent the above-captioned juveniles under the provisions of *R. R.* 6:3–4. Messrs. Simone and Schwartz are partners engaged in the general practice of law under the firm name of Simone and Schwartz. They entered their appearances and diligently represented the juveniles at the hearings. Upon the conclusion of the hearings they both filed petitions for the allowance of counsel fees, serving notice on the office of the Treasurer of Union County as well as the prosecutor. At the hearing on the petitions this court granted their application to consolidate their respective motions.

Prior to the decision of our Supreme Court in *State v. Rush*, 46 *N. J.* 399 (1966), compensation was allowed to assigned attorneys only in murder cases. See *N. J. S.* 2*A*:163–1. This statute was consistently given a narrow construction, as in *State v. Donaldson*, 36 *N. J.* 45 (1961), where the attorney assigned to represent a defendant charged with murder was denied compensation even though he had begun to prepare the matter, because the grand jury failed to return an indictment. Compensation was specifically de-

nied in a juvenile matter in *State in re Steenback*, 34 *N. J.* 89, 103–104 (1961), although the offense charged would have been murder were it not for the provisions of *N. J. S.* 2A :4–14.

In *Rush* the Court held that all attorneys assigned to represent criminal defendants were entitled to compensation. It based its decision on the heavier burden of such assignments due to rapidly changing concepts which had greatly increased the demand on counsel. Because of the decision of the United States Supreme Court in *In Re Gault*, 387 *U. S.* 1, 87 *Ct.* 1428, 18 *L. Ed.* 2d 527 (1967), it is clear that many of these same burdens will have to be assumed by assigned counsel in juvenile matters. See *State in Interest of L. B.*, 99 *N. J. Super.* 589 (*J. & D. R. Ct.* 1968).

■ On page 412 of the *Rush* decision the Court recognized the possible need of assigned attorneys in juvenile matters but it carefully declined to make any decision with respect to compensation in such matters at that time. Petitioners argue that *In Re Gault, supra,* by requiring the assignment of attorneys for indigent juveniles in cases where there is a possibility of a commitment to an institution, in effect put juvenile cases in the same category as adult criminal cases with respect to compensation to assigned attorneys. I fail to agree with this reasoning. The mere fact that the United States Constitution requires that a particular class of individuals (indigent) be given attorneys' advice by the State when they are unable to afford it does not of itself mean that such attorneys be compensated. Attorneys were required for years to represent non-murder criminal defendants in this State without any compensation for their time and effort. *State v. Horton*, 34 *N. J.* 518 (1961). It was only when this burden became grossly unfair that our Supreme Court acted.

■ Further, I am not satisfied that this court has the power to order the payment of reasonable fees for the defense of indigent juveniles. The Juvenile and Domestic Relations Court is strictly a creature of statute. *Mattox v.*

*Mattox,* 43 *N. J. Super.* 111 (*App. Div.* 1956). All of its power is derived from the Legislature. In contrast, our Supreme Court is a creature of the Constitution of this State. The distinction is significant. In *Rush* the court predicated its power to award compensation to assigned attorneys on *Art.* VI, *Sec.* II, *par.* 3 of the *New Jersey Constitution of 1947,* which provides in part that the Supreme Court shall have jurisdiction over the admission to the practice of law and the discipline of the persons admitted. This court does not have such power.

██ Finally, even if I were to assume that this court did have the power, justice would require us to defer the decision to a court having state-wide jurisdiction. Since this issue relates to a policy matter, it is conceivable that varying practices could exist in different counties. It would be patently unfair for attorneys in some counties to be compensated while others were not. The duty to represent indigent juveniles, or adults in criminal matters, lies on all members of the Bar. Any right to compensation should be uniform throughout the State. An assigned attorney's right to receive a fee for representing a juvenile in the Juvenile and Domestic Relations Court must be derived from the Supreme Court under its rule-making power or by an act of the Legislature.

Attorneys have been assigned to represent juveniles in ever-increasing numbers since the *Gault* decision was rendered May 15, 1967. At the present time in this county attorneys can expect to be reassigned to a juvenile case within nine months of receipt of the prior assignment. Some cases call for a minimum amount of preparation, others require a great amount of time. Hearings may last less than a half an hour, or be carried over the course of several full days. Some juveniles have only one charge alleged against them, while others may have several. All of these varying factors create a hardship and in many cases an unfairness upon the assigned attorney which can be corrected only by just compensation.

While I am deeply cognizant of the injustices resulting from the assignment of counsel to represent juveniles without compensation in the Juvenile and Domestic Relations Court, I must deny the application for allowance of fees in these matters for the foregoing reasons. An order shall be entered accordingly.